# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAROLYN HERZ SRIVASTAVA, Ph.D., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11 C 2116 |
| CITY OF CHICAGO, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Carolyn Srivastava has filed a *pro se* lawsuit against 24 defendants, including a number of federal judges, the Attorney General of the United States, the Governor of Indiana and several other Indiana public officials, and several others. Srivastava asserts claims under the RICO statute, other federal statutes, and state law. She alleges "a persistent pattern of disruption of court operations, and of defendants' demeaning, disparaging, and humiliating of plaintiff, using false allegations of mental illness as a bullying and extortion tactic, which has injured and continues to injure plaintiff in her property and business, and which has deprived her of her basic human rights guaranteed by the Constitution of the United States." Compl. ¶ 1.

More specifically, Srivastava, who resides in Marion County, Indiana, has sued the following defendants:

- Chief Justice John Roberts;
- Circuit Judge Frank Easterbrook;

- Circuit Judge (and former District Judge) David Hamilton;

- District Judge Richard Young;

- District Judge Philip Simon;

- Attorney General Eric Holder;

- Indiana Governor Mitchell Daniels;

- Indiana's Attorney General;

- Indiana's Director of the Department of Child Services;

- the (former) chief prosecutor of Marion County;

- the Mayor of Indianapolis;

- an Indianapolis hospital and several of its personnel;

- several Indianapolis-area residents;

- an Indiana University law professor who was formerly chancellor of Indiana University-Purdue University Indianapolis;

- Srivastava's son and her cousin;

- the president of the University of Michigan; and

- the City of Chicago.

*See* Compl. ¶¶ 7-30.

Srivastava's allegations concern the following matters, among others:

- the leasing of the Chicago Skyway and the Indiana Toll Road to private entities, which Srivastava contends forces her to take a longer and poorer-quality route while driving to and from Chicago, *see* Compl. ¶¶ 31-40;

- Srivastava's "entrap[ment]" and terrorization by defendant Ora Hirsch Pescovitz while working at Indiana University School of Medicine, where Pescovitz

2

chaired a department, see Compl. ¶¶ 44-54;

- Pescovitz's alleged theft of Srivastava's identity and impersonation of her, as well as activity by Pescovitz's alleged associates including the commission of acts of property violence against Srivastava, monitoring of her activities, and framing her for various crimes, see Compl. ¶¶ 55-59 & 54 (second paragraph 54);

- intimidation by Judge Hamilton of attorneys representing Pescovitz, see Compl. ¶ 55 (second paragraph 55); and

- submission of forged documents on Srivastava's behalf by associates of Pescovitz to whom Srivastava refers as the "Exploit Carolyn Srivastava Gang," see Compl. 58-60.

Srivastava lists some forty-four lawsuits she has filed in federal and state court from 1997 to the present, many of which appear, based on the case titles Srivastava provides, to name several of the same defendants she sues here. See Compl. ¶ 61. She claims that the judges who have dealt with these cases have shown "innate bias against *pro se* non-attorney litigants." Compl. ¶ 63.

Srivastava asserts twenty-eight claims in her complaint. These include:

- seven Constitution-based claims concerning the leasing of the Skyway and the Toll Road (Counts 1-7);

- a claim that judicial immunity from suit is unconstitutional and contrary to federal law (Count 8);

- two claims concerning how the Northern and Southern Districts of Indiana deal with *pro se* lawsuits (Counts 9-10);

- a claim concerning how Chief Judge Easterbrook dealt with Srivastava's judicial misconduct claim against Judge Hamilton and including an allegation that Judge Hamilton, in retaliation, submitted a forged document on Srivastava's behalf in a state court lawsuit (Count 11);

- a RICO claim alleging that the defendants held Srivastava in involuntarily servitude to Pescovitz; Pescovitz secretly drugged Srivastava and forged a false diagnosis that she was mentally ill; Judge Hamilton and others submitted forged documents, obstructed justice, and committed fraud and other misconduct in connection with certain of Srivastava's lawsuits and sent e-mails in her name and otherwise used or stole her identity; Pescovitz and others acting with her or on her behalf caused Srivastava to be falsely arrested and took her property; various defendants caused her to be involuntarily committed in 2010 and then sent her fraudulent bills; and Chief Justice Roberts obtained his position by fraud so that he could "legislate from the bench" (Count 12);

- three claims of violation of her civil rights in connection with certain of her lawsuits (Counts 13-15);

- three state and federal claims arising from her involuntary commitment, which she contends resulted from her advocacy for certain candidates for public office (Counts 16-18);

- a claim under Indiana's corrupt business influence statute alleging various acts of theft, perjury, forgery, promoting prostitution, and intimidation (Count 19);

- a defamation claim in which Srivastava alleges that certain defendants falsely stated that she is mentally ill (Count 20);

- three claims under Ohio statutes (Counts 21-23);

- a claim that the president of the University of Michigan negligently hired Pescovitz for a high-ranking position there (Count 24);

- three claims concerning how certain federal courts are managed and how they deal with *pro se* litigants (Counts 25-27); and

- a claim that the Supreme Court's decision in *Citizens United v. Federal Election Commission* violates the First Amendment and other rights of Srivastava and others (Count 28).

Srivastava's repeated references in her complaint to how courts have dealt with her claims led the Court to conduct a Westlaw search regarding her prior lawsuits. This turned up the Seventh Circuit's recent decision in one of Srivastava's cases, *Srivastava v. Daniels*, No. 10-2915, 2011 WL 558047 (7th Cir. Feb. 17, 2011). That case, at least as the Seventh Circuit's decision characterizes it, appears to have involved claims quite similar to those Srivastava has made in the present case. The Seventh Circuit refers in its decision to orders issued by several other courts imposing screening requirements preventing Srivastava from filing frivolous lawsuits. *See id.* at *1. These include the Northern and Southern Districts of Indiana. *See id.* In affirming the dismissal of Srivastava's suit and the imposition of a screening order, the Seventh Circuit stated:

> Given Srivastava's pattern of initiating sprawling and frivolous lawsuits, with new suits building upon earlier ones, we warn Srivastava that any further frivolous litigation will subject her to monetary fines and a possible bar, *see Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995), forbidding her from filing any further legal papers in any federal court within this circuit. If Srivastava wants to retain the right to pursue serious claims, she must immediately desist from all frivolous litigation, and in particular she must not repeat contentions that the judiciary has already

told her are unwarranted.

*Id.* at *2.

A court has the authority to dismiss a complaint if it is fantastical or is so insubstantial to be absolutely devoid of merit. *See, e.g., Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). "A suit that is utterly frivolous does not engage the jurisdiction of the federal courts." *Carr v. Tillery*, 591 F.3d 909, 917 (7th Cir. 2010). Taken as a whole, Srivastava's sprawling complaint describes scenarios that are fantastical and that, to a significant extent, appear to repeat claims she has asserted in earlier litigation. The Court can properly draw on the history of Srivastava's "prior meritless litigation" and her claims of "sprawling conspiracies" to determine that her suit consists only of "claims describing fantastic or delusional scenarios" and is thus subject to dismissal. *See Walton v. Walker*, 364 Fed. Appx. 256, 258 (7th Cir. 2010) (internal quotation marks omitted). In addition, it is readily apparent that Srivastava has filed her lawsuit here – despite the fact that nearly all the events she describes are centered in Indiana, where she lives – to evade the filing restrictions that have been imposed upon her in the federal courts in that state.

For these reasons, the Court dismisses Srivastava's action with prejudice. In light of the Seventh Circuit's recent admonition, the Court also intends to refer the matter to this District's Executive Committee to determine whether it is appropriate to impose a filing restriction on her in this District.

**Conclusion**

For the reasons stated above, the Court directs the Clerk to enter judgment

6

dismissing this action with prejudice.

_____
MATTHEW F. KENNELLY
Date: April 11, 2011                                    United States District Judge